**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name STEINER       Ronald        E.
     (Last)        (First)       (Initial)

Prisoner Number #H-13869

Institutional Address _____

================================================

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

Ronald Edward Steiner Jr.
(Enter the full name of plaintiff in this action.)

Case No. CV 08 3283 JF
(To be provided by the Clerk of Court)

vs.
1) Medical Appeals Coordinator, J.J. Kravitz
2) Medical Doctor, L. Rowe
3) Warden, Horel
4) Assistant Warden, Bradbury
5) Director of Corrections, Tilton
6) Registered Nurse, Bree

(Enter the full name of the defendant(s) in this action)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement Pelican Bay State Prison

B.   Is there a grievance procedure in this institution?

     YES (✓)    NO ( )

C.   Did you present the facts in your complaint for review through the grievance procedure?

     YES (✓)    NO ( )

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                - 1 -

1. Informal appeal _SEE attached 602 appeal form, informal level response, by J.J. Kravitz CCII_

2. First formal level _N/A_

3. Second formal level _N/A_

4. Third formal level _N/A_

E. Is the last level to which you appealed the highest level of appeal available to you?

      YES ( )    NO (✓)

F. If you did not present your claim for review through the grievance procedure, explain why. _Plaintiff tried to exhaust his administrative state remedies but, the medical appeals coordinator J.J. Kravitz failed to process plaintiff's appeal, more than once, for insufficient causes. (Please see attached data)_

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_Ronald Edward Steiner Jr. #H-13869, P.B.S.P., P.O. Box 7500, Crescent City, CA. 95532_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

_#1) J.J. Kravitz, Medical Appeals Coordinator, P.B.S.P. II. #2) L. Rowe, Medical_

COMPLAINT          - 2 -

1  DOCTOR, P.B.S.P. II. #3) BREE, REGISTERED NURSE, P.B.S.P. II. #4) HOREL,
2  WARDEN, P.B.S.P. II. #5) BRADBURY, ASS. WARDEN, P.B.S.P. II. #6) TILTON,
3  DIRECTOR OF CORRECTIONS, STATE OF CALIFORNIA.

4  

5  III.    Statement of Claim.

6  State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.

10                          PARTIES

11  1. Plaintiff is a 38 year old male resident of the state of Calif,
12  currently incarcerated by the California dept of Corrections at
13  Pelican Bay State Prison II in Crescent City, Calif. At all times mentioned
14  in this complaint, Plaintiff was a prisoner within the prison system.
15  2. At all times defendant J.J. Kravitz, Medical Appeals Coordinator, was
16  employed by CDC, and was responsible for processing inmate appeals,
17  and under color of law, making sure that inmates received adequate
18  medical attention.
19  3. At all times defendant L. Rowe, Medical Doctor, was employed by CDC,
20  and was a licensed medical doctor responsible for the medical care of all
21  inmates at Pelican Bay II SHU facility "C", and under color of law responsible
22  for providing adequate medical care.                (See additional sheet)

23  IV.    Relief.

24  Your complaint cannot go forward unless you request specific relief. State briefly exactly
25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  1. Plaintiff respectfully requests this honorable court order injunctive relief
27  by ordering P.B.S.P. II defendants to prescribe cough drops and commonly
28  used cold tablets for patients who are in sufficient need of medical care and

COMPLAINT                    - 3 -

pg. 1 of 2
(Continued Statement of Claim)

4. At all times defendant BREE, Registered Nurse, was employed by CDC, and was a licensed nurse responsible under color of law for providing adequate medical care, prescriptions etcetera.

5. At all times the three defendants named here in this paragraph, was employed by CDC. Tilton, Director of Corrections; Horel, Warden PBSP II; and Bradbury, Assistant Warden PBSP II. Are a acting director and wardens responsible for promulgating, supervising the promulgation of, implementing, supervising the implementation of, monitoring compliance with, supervising the monitoring of compliance with, enforcing and/or supervising the enforcement of policies and procedures affecting the medical care of all inmates within the California dept of corrections (CDC).

6. At all times the above mentioned defendants was acting under color of law, in the course and scope of their employment, and is sued in their official and individual capacities.

## Facts

7. Please see attached 602 appeal data. <u>Plaintiff describes medical problem.</u>

8. In addition to attached data plaintiff would like to point out to the honorable court that he tried to exhaust his administrative state remedies before proceeding to this court.

9. It is also important for the court to recognize that the medical appeals coordinator J.J. Kravitz failed to process plaintiffs 602 appeal, and screened him out more than once, regarding the same medical issue.

10. The first time J.J. Kravitz failed to process plaintiffs 602 appeal it was reversed by J.J. Kravitz due to plaintiff writing a rebuttal letter, (please see attached letter of rebuttal). Attached to 602 appeal/data.

11. The second time J.J. Kravitz failed to process plaintiffs appeal is under false allegations that the plaintiff refused his medical 602 hearing.

12. For the record plaintiff would like to state to the court that the allegations by J.J. Kravitz are incorrect.

13. Plaintiff, in this case never refused his 602 hearing. And has a signed affidavit by eight (8) witnesses stating that plaintiff was <u>not</u> adequately notified of his 602 hearing. (Please see attached 2nd letter of rebuttal and

pg. 2 of 2
(continued statement of claim)

affidavit of plaintiffs witnesses).

14. Plaintiff would also like to point out to the court that not only did plaintiff try to exhaust all levels administratively, and write two (2) reasonable letters of rebuttal, with witnesses supporting 2nd letter of rebuttal, But, it seems suspicious that since J.J. Kravitz could not screen out plaintiffs 602 appeal the first time; a second inadequate scheme was put in motion to stand firm on screening out plaintiffs appeal.

15. Therefore, with the attached 602 appeal data, supporting evidence, etc. Plaintiff believes that Pelican Bay State Prison officials, "defendants", acting under color of law, have created false documentation alleging that plaintiff refused his medical 602 hearing, which clearly should bring into light that the defendants in this case are scheming and scapegoating plaintiffs appeal rights, and most importantly his medical needs protected by the Eighth Amendment.

16. Due to no fault of his own plaintiff has not been able to complete the administrative process relative to his request for commonly prescribed cough drops and cold tablets, despite his attempt to do so twice, plaintiff has thus exhausted the administrative remedy for the injuctive relief he seeks.

17. Plaintiff has not utilized the administrative process to request monetary damages for his pain and suffering, as doing so would be futile given the fact that this remedy is not available through the administrative process.

### PRAYER FOR RELIEF

1. Injunctive relief;
2. Compensatory damages according to proof;
3. Punitive damages according to proof;
4. Such further relief as the court deems proper.

Date: 6/17/08

Respectfully Submitted By:
R. Steiner Jr.
Ronald Edward Steiner Jr.
Prisoner in Pro Per

...

...

1. RELIEF. 2. AWARD plaintiff monetary damages in the amount of $5,000.00
2. dollars relative to his pain and suffering prohibited by his eighth amend-
3. ment right to be free of cruel and unusual punishment. 3. DELIVER
4. abstract of judgement to the California dept of corrections.
5.     I declare under penalty of perjury that the foregoing is true and correct.
6.
7. Signed this _17th_ day of _JUNE_, 20_08_
8.
9.                                         L. Steiner Jr.
10.                                       (Plaintiff's signature)

**PELICAN BAY STATE PRISON**
STATE OF CALIFORNIA
**SECURITY HOUSING UNIT**
**INMATE/PAROLEE UNIT C-2**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    PBSP    Log No.    Category  8/10

1. _____    1. 1A-18-2008-12067    Maternity Care
2. _____    2. _____                   for COE

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Steiner    NUMBER: H-13869    ASSIGNMENT: _____    UNIT/ROOM NUMBER: C2-119

A. Describe Problem: On March 26, 2008 appealant submitted a CDCR Medical form stating that he had a terrible cough that caused him pain everytime he coughed. He also stated that his head and chest felt congested. The following day on March 27, 2008 appealant was examined by Nurse, Bree. Upon examination appealant again stated that he was in pain everytime he coughed and requested cough drops be prescribed to contain his cough. The nurse stated she could not prescribe him cough drops because they were restricted. And the only thing she could prescribe him for his cough, pain, chest and head feeling congested was →

If you need more space, attach one additional sheet.    (See additional sheet)

B. Action Requested: PBSP II Medical Department set forth all sufficient documentation to show cause why cough drops and commonly used cold or flu tablets are restricted. And why allergy medication is a adequate substitution for a patient who has a contagious cough with other cold and flu symptoms. "Prescribe Cold tablets".

Inmate/Parolee Signature: R. Steiner    Date Submitted: 3/31/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: A copy of the Madrid Policy and Procedure Manuals are available for your review in the SHU law library.

Staff Signature: [signature] Kravitz CCII    Date Returned to Inmate: 4-1-08

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

dissatisfied!! Appealant has set forth sufficient facts to show that the medical dept. at PBSP II did not provide adequate medical care for his cold/flu symptoms, which is prohibited by the 8th Amendment. In addition due to appealant having hepatitis c, and being exposed to TB in the past without any treatment thus far, therefore causes a low immune system, which intensified his pain and symptoms.

Signature: R. Steiner    Date Submitted: 4/7/08

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-2

APR 08 2008    APR 15 2008    MAY 27 2008
7302             PLP           Refused Interview

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __4-15-08__ Due Date: __5-28-08__

Interviewed by: _____

_____
_____
_____
_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:

Signature: _____ Title: _____ Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                          Date: _____

Additional Sheet

allergy medication and acetaminophen.

Here, appealants issue is that he was given inadequate medical care. Appealant did not state on his medical form or at his medical examination that he is suffering from allergy problems but, was prescribed allergy medication and acetaminophen for his symptoms. "The symptoms appealant described are obviously consistent with having a cold or flu."

Allergy medication is not a common or all purpose medication for treating or containing a contagious cough that is still causing appealant tremendous pain in his head, chest, and now also in his throat everytime he coughs. The allergy medication did not relieve his painful cough, sore throat, or congested head and chest. Nor did the acetaminophen relieve his pain because the coughing, which caused the pain was untreated, and therefore overpowering the acetaminophen, tremendously.

Furthermore, there is not any memorandum or any written rule that appealant is aware of restricting cough drops or cold and flu tablets appropriate for treating his symptoms. If such medication is restricted then it would have to cause some kind of security and safety hazard prohibiting appealant from possessing a prescription. Cough drops prescribed singularly or in bulk prescriptions are not security or safety hazard, and should be provided to patients who are sufficiently in need of them. Same should apply for any other cold and flu medication commonly used to treat cold and flu symptoms.

"If such a rule exists where certain cold and flu medications are solely restricted because they would cause a security and safety hazard if allowed bulk quantaties of the meds in a prisoners cell, then it would be medical personnels job to deliver it as needed on a singular basis."

The decision to prescribe appealant allergy medication for his contagious cough and cold/flu symptoms was an inadequate medical decision and unhealthy for him and others around him. Reason being is that the contagious cough was not adequately treated, and the allergy medication prescribed was not in accord with its purpose. Therefore, prescribing allergy medication to appealant for his consumption without relevence to his illness is an inadequate medical decision and unhealthy for his body.

Lastly, the pain, suffering, and loss of sleep that appealant is enduring from his untreated painful cough and cold or flu symptoms, for the 5 plus days, is due to inadequate medical care and amounts to deliberate indifference and constitutes cruel and unusual punishment prohibited by the eighth amendment.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-2

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: **Steiner**  Number: **H13869**  Housing: **C2/119**

### YOUR APPEAL IS BEING REJECTED/CANCELLED AND RETURNED FOR THE FOLLOWING:

<u>Screening Appeals Rejection Criteria:</u>

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.1(c) and 3084.3(c)(1).

[ ] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a) Your appeal has been screened out on _____ for _____
    [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____
    [ ] (c) Your appeal has been completed at the _____ Level, Log # _____

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[ ] 8. <u>Abuse of the Appeal Process/Right to Appeal</u>.
    [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
       [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
       [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [ ] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
       [ ] (1) Your appeal was screened out and returned to you with instructions:
         [ ]     [ ]     [ ]
    [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: You were provided decongestants & Tylenol by the RN on 3-27-08. You were told to re-submit a new sick call slip if needed. From the Nursing notes you were provided treatment.

_____  APR 0 8 2008
J. J. KRAVITZ CC II  Date
Medical Appeals Coordinator

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT C-2

This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**
PBSP    (Rev. 11/06)    CCR 3084.3(d)    PBSP

J.J. Kravitz CCII
Medical Appeals Coordinator

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

RE: Inmate/Parolee Screening Form

Sir or Madam,

By rejecting/cancelling my appeal you are impeding my due process, "entitled to me by law." My issues that I raised in my appeal are not a request for information. The issues that appellant has raised in his appeal involve a condition that has an adverse effect on his welfare, see CDC 602 appeal form.

Your staff response on appellants CDC 602 appeal form and the comments you made on the screening form differ from each other and does not show appellant sufficient cause why cough drops and commonly used cold/flu medication are restricted, and why allergy medication is an adequate substitution for a patient who has a contagious cough with other cold/flu symptoms.

Furthermore, appellant did submit a medical form on or around March 26, 2008. It takes only one medical form to be eligible and receive adequate medical care, which appellant did not receive. Being that he was deprived the first time for adequate medical care and medicine, appellant endured unecessary pain and suffering from his cold/flu symptoms.

Lastly, if the medical appeals coordinator at PBSP II does not want to process appellants appeal any further, then it is now duely noted that appellant tried to exhaust his administrative remedies and argue that the responses from respondent are insufficient and inaccurate.

Respectfully Submitted,
R. Steiner
Ronald Edward Steiner Jr.

April 10, 2008

**State of California**                                 **Department of Corrections and Rehabilitation**

**Memorandum**

Date    : April 15, 2008

To      : STEINER, RONALD (H13869)
          CF02L 000000119

From    : Pelican Bay State Prison

Subject : FIRST LEVEL APPEAL RESPONSE
          IA-18-2008-12067

This is a notification that your appeal has been received for a First Level Appeal response due by 5/28/2008. If you have any questions regarding this appeal, please contact the Appeals Coordinator via the Medical Appeals Office.

Pelican Bay State Prison

CDC 1617 (4/07) MATS                                                                IA-18-2008-12067

PELICAN BAY STATE PRISON SECURITY HOUSING UNIT C-2

J.J. Kravitz
Medical Appeals Coordinator
P.B.S.P. IV

   RE: Inmate/Parolee Appeals Screening Form 695.

Sir or Madam,

  On or around May 22, 2008. Appellant was asked by his control officer if he wanted to go to medical line. Appellant refused medical line because he had <u>not</u> submitted any presently known medical request form, nor at this time was he ill. Later on that evening appellant was notified by medical personnel, at pill line, that she had a refusal form here, of somekind, stating that he refused his medical 602 hearing. Again for the record appellant did <u>not</u> refuse his medical 602 appointment. He only refused medical line, which clearly was the language relayed to him by his control officer. Appellant has 8 witnesses who will state that the officer on duty yelled into appellants living quarters, "only stating if inmate 'Steiner' wanted to go to medical line." This was the exact language relayed to appellant, nothing more. With this being fact appellant was not properly notified of his 602 hearing taking place, which he has a right to be correctly notified of. There certainly is a difference being asked if appellant wants to attend medical line or his 602 appointment. Therefore appellant did <u>not</u> refuse his interview with reviewer.

  Secondly, this is the <u>second time</u> that prison personnel at PBSP IV has found some insufficient reason or way for rejecting/cancelling appellants 602 process. It seems to be apparent that the medical dept at PBSP IV has created falsified documentation alleging that appellant refused his 602 hearing. And clearly a second attempt of professional personnel scheming and scapegoating appellants appeal rights.

  Lastly, if the medical appeals coordinator at PBSP IV does not want to further process appellants appeal, then it is now duely noted, for the second time, that appellant tried to exhaust his administrative state remedies, and argue that the reason for screen out is untrue & inaccurate.

            Respectfully Submitted,
              R. Steiner

Date: June 1, 2008

## Affidavit of the following Signatures

I, am one of the following inmates signed below currently incarcerated at Pelican Bay State Prison IV, who declares as follows;

On or about May 22, 2008 I heard the building control officer c/o Vizgaudis yell into Steiner's living quarters, stating if Steiner wanted to go to medical line. The correctional officer did NOT state or properly advise Steiner that the summons for medical line was pertaining to his 602 hearing.

We the underlined signatures declare under penalty of perjury that the above is true and correct.

Date: 6/12/08

| Print Name | Signature |
|---|---|
| William Murphy | [signed] |
| Ruben Vasquez | [signed] |
| Chris Valdez | [signed] |
| David Rodriguez | [signed] |
| James Amador | [signed] |
| Larry Boardman | [signed] |
| Daniel Manriquez | [signed] |
| Chavez Gustavo | [signed] |

## INMATE/PAROLEE APPEALS SCREENING FORM

Name: STEINER    Number: H13869    Housing: C2 119

### YOUR APPEAL IS BEING REJECTED/~~CANCELLED~~ AND RETURNED FOR THE FOLLOWING:

Screening Appeals Rejection Criteria:

[ ] 1. The resolution is not within CDC's jurisdiction. See CCR, Title 15, Sections 3084.2(e) and 3084.3(c)(1).

[ ] 2. The appeal duplicates the inmates previous appeal. See CCR, Title 15, Section 3084.3(c)(2).
    [ ] (a) Your appeal has been screened out on _____ for _____.
    [ ] (b) Your appeal is being reviewed at the _____ Level, Log # _____.
    [ ] (c) Your appeal has been completed at the _____ Level, Log # _____.

[ ] 3. The appeal concerns an anticipated action or decision. See CCR, Title 15, Section 3084.3(c)(3).

[ ] 6. The appeal exceeds the 15 working days time limit, and the inmate has failed to offer a credible explanation as to why he could/did not submit the appeal within the time limit. See CCR, Title 15, Sections 3084.2(c), 3084.3(c)(6), and 3084.6(c).

[X] 8. **Abuse of the Appeal Process/Right to Appeal.**
    [ ] (a) Excessive filings. Submission of more than one non-emergency appeal within a seven-calendar-day period is excessive. See CCR, Title 15, Section 3084.4(a).
    [ ] (b) Inappropriate statements. The Appeal contains false information, profanity, or obscene language. The appeal is rejected. See CCR, Title 15, Section 3084.4(b).
    [ ] (c) Excessive verbiage. Appeal cannot be understood or is obscured by pointless verbiage or voluminous, unrelated documentation. See CCR, Title 15, Section 3084.4(c).
      [ ] (1) Only allowed 1 added page, front and back, to describe the problem and action requested in Sections A and B, per CCR, Title 15, Section 3084.2(a)(1).
      [ ] (2) Only supporting documentation necessary to clarify appeal shall be attached to the appeal, per CCR, Title 15, Section 3084.2(a)(2).
    [X] (d) Lack of cooperation. Appellant refused to cooperate and/or interview with the reviewer which has resulted in cancellation of the appeal, per CCR, Title 15, Section 3084.4(d).
      [ ] (1) Your appeal was screened out and returned to you with instructions:
        [ ]    [ ]    [ ]
    [ ] (e) Failed to reasonably demonstrate the decision, action, policy, or condition as having an adverse affect upon the inmate's welfare, per CCR, Title 15, Section 3084.1(a).
    [ ] (f) This is a request for information. It is not an appeal. Write a note (GA-22, Request For Interview form or CDC-7362, Medical Request form).

[ ] 9. Cannot appeal on behalf of another inmate/person. See CCR, Title 15, Sections 3084.2(d) and 3084.3(c)(7).

[ ] 10. Issue resolved at previous level of Appeal review. See CCR, Title 15, Sections 3084.3(c)(8) and 3084.4(d).

Comments: _Refused appointment for interview_

J. J. KRAVITZ CC II      Date: MAY 2 7 2008      PELICAN BAY STATE PR[ISON]
Medical Appeals Coordinator      SECURITY HOUSING U[NIT]
     UNIT C-2

_Response to plaintiff's second letter of rebuttal._ → This screening decision may not be appealed unless you can support an argument that the above is inaccurate. In such a case, please return this form to the Appeals Office with the necessary supporting information.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**
PBSP    (Rev. 11/06)    CCR 3084.3(d)    PBSP

JUN 0 2 2008   _Screen out remains_

SCREEN OUT REMAINS

CONFIDENTIAL LEGAL MAIL

NAME: R. Steiner
CDC NO: H-13869  HOUSING: C7-119
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

RECEIVED
JUL -3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. Northern Dist. of Ca,
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, Ca. 94102-3483

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532


$ 02.53°
JUN 27 2008
MAILED FROM ZIP CODE 95531

DDePew CTA                                 6-26-08

