IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD EDWARD STEINER, JR., | ) | No. C 08-3283 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| J.J. KRAVITZ, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at Pelican Bay State Prison. He has been granted leave to proceed in forma pauperis. Plaintiff alleges that Defendants provided inadequate care for his cough and cold symptoms and that they did not properly process his administrative grievances regarding such care. The complaint will be dismissed for failure to state a cognizable claim for relief.

**BACKGROUND**

Plaintiff claims that he requested cough drops to treat his cough and cold symptoms. The nurse, Defendant Bree, responded that she could not prescribe cough drops because they were restricted. Instead, she provided plaintiff with allergy medication and acetaminophen. Plaintiff alleges that Defendant Kravitz, the medical appeals coordinator, failed to properly process Plaintiff's administrative appeals regarding

the cough drops.

## DISCUSSION

A.   Standard of Review

Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis prior to service "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  Under this standard, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or clearly lacking any factual basis.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Pro se pleadings must be liberally construed, however.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)  the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

   1.   Medical Treatment

Deliberate indifference to serious medical needs presents a cognizable claim for violation of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  McGuckin, 974 F.2d at 1059 (citing Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)); Hunt v. Dental Dep't, 865 F.2d 198, 100-01 (9th Cir. 1989).  In order for deliberate indifference to be established, there must be a purposeful act or

G:\PRO-SE\SJ.JF\CR.08\Steiner3283_dismissal.ftsc.wpd 2

failure to act on the part of the defendant. McGuckin, 974 F.2d at 1060.  Second, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful.  Id.; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

To present a cognizable Eighth Amendment claim, the indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care."  Estelle, 429 U.S. at 105-06; see Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not Constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  While it appears that Plaintiff suffered discomfort from his cold and cough symptoms, and that the allergy medication and acetaminophen were not a sufficient remedy for these symptoms, his allegations do not rise to the level of a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Accordingly, Plaintiff's medical claims are dismissed for failure to state a claim upon which relief can be granted.

2.    Administrative Appeals

Plaintiff's claims that Defendants failed to properly process his administrative appeals does not state a cognizable claim for the violation of his right to due process.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no constitutional right to a prison administrative appeal or grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (same).  Accordingly, the administrative appeals claims are also dismissed.

**CONCLUSION**

Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim

1 | for relief under 42 U.S.C. § 1983.

2 |     The Clerk shall terminate all pending motions and close the file.

3 |     IT IS SO ORDERED.

4 | DATED: 8/21/08

*/s/ Jeremy Fogel*
JEREMY FOGEL
United States District Judge